UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY L. SELLERS,<br><br>                    Plaintiff,<br><br>        v.<br><br>CLERK, UNITED STATES DISTRICT COURT, et al.<br><br>                    Defendants. | No.  2:14-cv-519-JAM-EFB PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915, and has submitted the affidavit required thereunder which demonstrates that plaintiff is unable to prepay fees and costs or give security for them.  ECF No. 2.  Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

I.      Screening

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry.  Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); see also Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

1  jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the
2  matter in controversy exceeds $75,000.  28 U.S.C. § 1332(a); *Bautista v. Pan American World*
3  *Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).  A case presumably lies outside the jurisdiction
4  of the federal courts unless demonstrated otherwise.  *Kokkonen*, 511 U.S. at 376-78.  Lack of
5  subject matter jurisdiction may be raised at any time by either party or by the court.  *Attorneys*
6  *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

7  Here, plaintiff's first amended complaint alleges that he brings this action "for injuries
8  sustained in furthering a conspiracy to use the force of the federal government to deny plaintiff
9  access" to this court.  ECF No. 4 ¶ 1.  Plaintiff alleges that on February 11, 2014, he mailed three
10 copies of his signed complaint, an application to proceed *in forma pauperis*, and a self-addressed
11 pre-stamped envelope to this court.  *Id*. ¶ 6.  "Plaintiff heard nothing more and since his case
12 featured allegation of court clerk manipulation of dates and the disappearance of complaints . . . ,
13 plaintiff suspected the worse and filed this suit for mandamus relief on February 21, 2014."  *Id*.
14 ¶ 7.  However, "[o]n February 28, 2014, he received the said self-addressed envelope with not
15 one but two copies of the three copies he had submitted in the envelope.  The envelope had marks
16 attributed to defendant Vincent."  *Id*. ¶ 8.  Plaintiff alleges that the case had been assigned a
17 docket number, "but the space for the deputy's signature was empty so that whoever was
18 handling the matter remained unknown and could not be compelled to stand up and take
19 responsibility to future inquiry should something be amiss."  *Id*. ¶ 9.

20 The remainder of the complaint contains allegations that appear to have nothing to do with
21 plaintiff's filing dispute.  For example, plaintiff's discusses his intent to file a "RICO claim in [a]
22 proposed new pleading . . . against several of the political elite of Davis," who allegedly protected
23 the director of a halfway house located in Davis."  *Id*. ¶ 14.  He alleges that he intends to seek 27
24 million dollars in damages against the "prospective defendants," who "are former promoters who
25 cashed in on the marijuana boon [sic] in the north coast of California."  *Id*. ¶ 17.  He claims that
26 "[t]hey can afford it given their land holdings in Mexico, their home in Davis and the remains of
27 /////
28 /////

what was once their drug empire in the north coast of California." *Id.*[1]  In addition to plaintiff's fanciful allegations regarding the "political elite of Davis," the complaint also rambles at length about a case plaintiff filed in United States District Court for the Western District of Washington, which plaintiff describes as "a case that had nothing whatever to do with any case in [this] court." *Id.* ¶ 2.

Plaintiff's amended complaint is facially frivolous and appears to have been filed with the intent to harass the defendants.  Plaintiff has alleged little more than his displeasure with the time it took the court's Clerk to provide verification that he filed a complaint with this court.  Rather than contacting the clerk's office to inquire about the status of his filing, plaintiff initiated this action and, without providing any factual support, asserts conclusory allegations of the existence of a conspiracy to prevent him from filing a complaint in this court.  The complaint is devoid of any specific allegations, which if true, would demonstrate that any of the individual defendants engaged in any wrongful conduct.  Plaintiff simply alleges that "Defendant Marcel is listed by 'Fed Ex' as receiving plaintiff's complaint on behalf" of this court and "Defendant Vincent is listed as the postal inspector for the US Postal service who on February 24, 2014, inspected the parcel sent  [by] plaintiff."  ECF No. 4 ¶¶ 3, 4.  Aside from these brief allegations, plaintiff does not articulate any facts demonstrating that any defendant engaged in any unlawful conduct, let alone conduct giving rise to any specific cause of action.  Indeed, the bulk of the complaint is dedicated to rambling about events that transpired in the City of Davis and a separate case plaintiff initiated in a different district court.  Accordingly, the it is recommended that this action be dismissed without leave to amend pursuant to 28 U.S.C. § 1915e(2).  *Noll v. Carlson*, 809 F.2d

/////

/////

---

[1] A review of the court record show that plaintiff has filed several action before this court, many containing fanciful allegations about various conspiracies occurring in the city of Davis. *See*, *e.g.*, *Sellers v. Espresso Roma Inc., et al.*, No. 2:06-cv-1245 DFL DAD PS; *Sellers v. Coldiron*, No. 2:06-cv-2443 FCD KJM PS; *Sellers v. Leigh*, et al., No. 2:06-cv-2510 GEB DAD PS; *Sellers v. Leigh, the café diva*, No. 2:07-cv-0496 LKK GGH PS; *Sellers v. Espresso Roma Corporation, et al.*, No. 2:10-cv-3260 LKK EFB PS; *Sellers v. City of Davis, et al.*, No. 2:11-cv-1663 LKK CKD PS; *Sellers v. United States, et al.*, No. 2:14-cv-474 GEB DAD PS.

1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a pro se plaintiff to amend, leave to amend should be granted where it appears amendment would be futile).[2]

Further, whatever claim plaintiff is attempting to assert against the Clerk of the Court and defendant Marcel, who is identified in the complaint as a deputy clerk, it is clear from the allegations it arises from acts done in the performance of their official duties.  Accordingly, they are entitled to absolute quasi-judicial immunity from liability for any claim for damages.  "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987).  "[A] mistake or an act in excess of jurisdiction does not abrogate judicial immunity, even if it results in 'grave procedural errors.'" *Id.* (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)).  Processing complaints is an integral part of the judicial process.  Accordingly, these defendants would be entitled to quasi-judicial immunity.

Accordingly, it is hereby ORDERED that plaintiff's request to proceed *in forma pauperis*, ECF No. 2, is granted.

Further, it is RECOMMENDED that:

1. Plaintiff's amended complaint be dismissed without leave to amend;

2. Plaintiff's motion to amend, ECF No. 6, be denied; and

2. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

---

[2] Plaintiff has also filed a motion to amend together with a proposed second amended complaint.  Aside from minor, immaterial changes, the second amended complaint is identical to plaintiff's first amended complaint and therefore suffers the same deficiencies as plaintiff's first amended complaint.  In light of the recommendation that this action be dismissed as frivolous, the motion to amend should be denied as moot.

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 11, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE